IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 3:21-cr-57–HEH |
| ) | |
| OMARI MASON, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Omari Mason, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal conviction and sentence. ("§ 2255 Motion," ECF No. 54.)[1] The Government has responded arguing, *inter alia*, that Mason's § 2255 Motion is barred by the statute of limitations. (ECF No. 61.) Mason has filed a response. (ECF No. 65.) For the reasons set forth below, the § 2255 Motion will be denied.

**I. PROCEDURAL HISTORY**

Mason pled guilty to possession of a firearm by a convicted felon. (ECF No. 31.) On November 7, 2022, the Court entered final judgment and sentenced Mason to sixty-three months of imprisonment. (J. at 2, ECF No. 43.) Mason did not appeal.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Mason's submission.

On November 30, 2023, Mason executed and presumably mailed his § 2255 Motion to this Court.[2] (§ 2255 Mot. at 5.) In his § 2255 Motion, Mason contends, *inter alia*, that his current sentence violates his right under the Second Amendment. (§ 2255 Mot. at 1.) As discussed below, Mason's § 2255 Motion is barred by the applicable statute of limitations.

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that a notice of appeal was filed at the time the petitioner submitted it to the prison authorities).

Under 28 U.S.C. § 2255(f)(1), the statute of limitations runs one year from "the date on which the judgment of conviction becomes final." The Government argues that "because the defendant did not file a direct appeal, his judgment of conviction became final on November 7, 2022, the date on which judgment was entered." (ECF No. 61 (citing *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001)).) On the other hand, some caselaw indicates that the judgment in this case may actually have become final on the last date to note an appeal, Monday, November 21, 2022. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Here, Mason did not file his § 2255 Motion until November 30, 2023, which is over one year after the date of his conviction and over one year from the last date to note an appeal. (§ 2255 Mot. at 5.) Therefore, regardless of whether this Court were to apply the more lenient standard, Mason's § 2255 Motion is untimely.[3]

Accordingly, Mason's § 2255 Motion (ECF No. 54) will be denied. Mason's letter requesting that the Court address his § 2255 Motion (ECF No. 65) will be denied as moot. The action will be dismissed. A certificate of appealability will be denied. An appropriate Final Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: Oct. 17, 2024
Richmond, Virginia

---

[3] Neither Mason nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(1)–(3), or for equitable tolling the limitation period.