IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:21CR57–HEH |
| | ) | |
| OMARI MASON, | ) | Civil Action No. _____ |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
### (Dismissing Successive 28 U.S.C. § 2255 Motion)

THIS MATTER is before the Court on Petitioner Omari Mason's ("Petitioner")

Motion for Writ of Coram Nobis (ECF No. 75.) By Memorandum Opinion and Order

entered on October 17, 2024, the Court denied a 28 U.S.C. § 2255 motion filed by

Petitioner. (ECF Nos. 68, 69.) Petitioner filed the instant Motion for Writ of Coram

Nobis several weeks later, on November 7, 2024. (ECF No. 75.) Petitioner's Writ of

Coram Nobis is a successive, unauthorized § 2255 motion, and for the reasons stated

herein this filing must be dismissed for lack of jurisdiction.

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral

attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting

*Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism

and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to

hear second or successive applications for federal habeas corpus relief by prisoners

attacking the validity of their convictions and sentences by establishing a "'gatekeeping'

mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a

second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also United States v. Roberts*, No. 24-6509, 2024 WL 4866929, at *1 (4th Cir. Nov. 22, 2024). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (emphasis in original) (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Petitioner's Writ of Coram Nobis challenges his conviction and sentence and falls within the scope of 28 U.S.C. § 2255(a). *See United States v. Sessoms*, 488 F. App'x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to hear Petitioner's successive § 2255 Motion. Accordingly, the Clerk will be

directed to file the present action as an unauthorized successive motion under 28 U.S.C.

§ 2255.  The action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a

judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA

will not issue unless a prisoner makes "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when

"reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Petitioner

has not satisfied this standard.  Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/

Henry E. Hudson
Senior United States District Judge

Date: February 10, 2025
Richmond, Virginia

3